**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **JOHN RAIFORD**, Individually and on Behalf of All Others Similarly Situated, § § § **Plaintiff,** § § v. § § **THOMAS HANNA D/B/A HANNA'S RURAL SANITATION,** § § **Defendant.** § § § § § | Civil Action No. 2:18-cv-5 Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, John Raiford, individually and on behalf of all others similarly situated, files this Original Complaint under the Fair Labor Standards Act ("FLSA") against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay its workers for all hours of work at the rates required by the FLSA. Plaintiff routinely worked more than 40 hours per week but was not paid overtime for doing this excessive work. Instead, Defendant misclassified its employees ("Plaintiff" and "Class Members," as defined below) as exempt from the protections of the FLSA and failed to pay Plaintiff one-and-a-half times his regular rate of pay for all hours worked over 40 hours per workweek. Rather, Defendant paid Plaintiff and Class Members a flat salary for nonexempt work and failed to pay them overtime pay for overtime work. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff John Raiford is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. His consent to be a party in this action is attached as Exhibit A.

4. Plaintiff and "Class Members" are Defendant's current and former workers who were misclassified as exempt from overtime, paid primarily on a salary basis, and were not paid overtime pay for overtime work as required by the FLSA.

5. Defendant Thomas Hanna d/b/a Hanna's Rural Sanitation ("Hanna") is a sole proprietorship operating in the state of Texas. Hanna can be served with process through Thomas Hanna, 13998 County Rd 434, Lindale, Texas 75771 or wherever he may be found.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this district.

## IV. COVERAGE

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203.

## V. FACTUAL ALLEGATIONS

13. Defendant provides residential and commercial garbage services in Texas. It conducts business throughout the United States and does more than $500,000.00 per year in business.

14. Plaintiff was employed by Defendant during the three years prior to the filing of this suit, from approximately November 2015 to June 2016, as a salaried, overtime-exempt employee.

15. At all times, Plaintiff was misclassified by Defendant as an exempt employee. However, Plaintiff's duties made him a non-exempt employee under the FLSA because Plaintiff:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing his primary duties;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not carry out major assignments in conducting the operations of the business;

   d. did not perform work that affects business operations to a substantial degree;

   e. did not have the authority to commit the employer in matters that have significant financial impact;

   f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

   g. did not have the authority to negotiate and bind the company on significant matters;

   h. did not provide consultation or expert advice to management;

   i. was not involved in planning long- or short-term business objectives;

   j. did not investigate or resolve matters of significance on behalf of management; and

   k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

16. Plaintiff was primarily responsible for performing maintenance, service, and repair work on Defendant's trucks. Plaintiff's job duties included fabricating new or replacement parts, assembling component parts by hand or using small tools, and ordering parts and supplies.

17. Plaintiff regularly worked 40 or more hours in a workweek at one of Defendant's places of business and during the last three years—the period covered by this lawsuit. In fact, Plaintiff often

worked 60 hours or more in a week. However, Plaintiff was not paid lawfully for doing this excess work. Defendant knew that Plaintiff worked more than 40 hours per week and it allowed and directed him to do so without providing proper payment for these excess hours. Instead, Plaintiff was paid under a pay scheme that paid him a flat salary without regard to the amount of overtime hours he actually worked and without paying him overtime pay for overtime work.

18. Plaintiff and Class Members were not lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA because Defendant misclassified them as exempt from the overtime provisions of the FLSA. Plaintiff and Class Members routinely worked more than 40 hours per week but were not paid time-and-one-half their regular rates of pay for all their excessive hours

19. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members. Defendant received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

21. Plaintiff and Class Members performed the same or similar job duties as one another and were/are paid under the same pay policy or practice in that they were paid on a salary basis, regularly worked more than 40 hours per week, and were improperly classified as exempt employees. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the misclassification and non-payment of overtime pay for overtime hours worked that applied to

Plaintiff applies/applied to all Class Members. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to overtime compensation for hours worked more than 40 hours per week because they were misclassified as exempt employees. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Class Members.

22. Defendant was aware of its obligations to pay overtime to Plaintiff and Class Members and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VII.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

24. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and Section 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such non-exempt employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

25. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages

equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

      b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

      c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2018, I electronically filed the foregoing document with the Court's ECF system. Service of this Complaint will be made on Defendant with summons to be issued by the Clerk per the Federal Rules of Civil Procedure.

s/J. Derek Braziel
**J. DEREK BRAZIEL**